AF 07-0110

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

NOV 1 3 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN RE THE PROPOSED AMENDMENTS
TO THE MONTANA UNIFORM
DISTRICT COURT RULES

ORDER

On June 19, 2003, this Court entered an order reconstituting the Uniform District Court Rules Commission. Thereafter, the Commission submitted to the Court for its consideration proposed revisions to those Rules.

After consideration of the proposed amendments the Court has determined that the bench and bar of the State of Montana should be provided an opportunity to comment thereon.

IT IS THEREFORE ORDERED that all members of the bench and bar of Montana and any other interested persons are granted ninety days from the date of this order in which to file with the Clerk of this Court appropriate comments and/or suggestions to the attached Proposed Revisions to the Uniform District Court Rules.

IT IS FURTHER ORDERED that the Proposed Revisions to the Uniform District Court Rules in their entirety shall be posted on the websites of the Montana State Law Library and the State Bar of Montana. The State Bar of Montana is further requested to give notice of this Order and of its website posting of the Proposed Revisions in the next available issue of *The Montana Lawyer*.

IT IS FURTHER ORDERED that the Clerk of this Court shall provide to each District Court Judge and each Clerk of the District Court a copy of this order with attached proposed revisions with a request that each Clerk of the District Court make the order available for public review in the Office of the Clerk of the District Court.

DATED this 13th day of November, 2007.

_____
Chief Justice

1

PROPOSED REVISIONS TO THE

UNIFORM DISTRICT COURT RULES

**Rule 1. Form of papers presented for filing.**

(a) Papers defined. The word "papers" as used in this rule includes all documents and copies except exhibits and records on appeal from lower courts.

(b) Pagination, printing, etc. All papers shall be:

(1) typewritten, printed, or equivalent;

(2) clear and permanent;

(3) equally legible to printing;

(4) of type not smaller than pica;

(5) ~~on standard quality opaque, unglazed white paper, 8½" X 11" in size; or standard quality, opaque, unglazed, acid-free recycled paper, and be a minimum of 25% cotton fiber content, with a minimum 50% recycled content, of which 10% shall be post-consumer waste, 8½" X 11" in size. After January 1, 1994,~~ only on standard quality opaque, unglazed, acid-free recycled paper, and be a minimum of 25% cotton fiber content, minimum 50% recycled content, of which 10% shall be post-consumer waste, 8½" X 11" in size.

(6) printed one side only; except copies of briefs may be printed on both sides. The original brief shall be printed on one side.

(7) lines unnumbered or numbered consecutively from the top;

(8) spaced one and one-half or double;

(9) page numbered consecutively at the bottom; and

(10) bound firmly at the top.

Matters such as property descriptions or direct quotes may be single spaced.

Extraneous documents not in the above format and not readily conformable may be filed in their original form and length.

(c) Format. The first page of all papers shall conform to the following:

(1) Commencing at line 1 at the left margin, single spaced, shall be the name of the attorney or party responsible for the pleadings, together with telephone number and the complete mailing address for service of papers.

(2) Lines 1 through 7 of the right one-half of the page shall be left blank for the use of the clerk.

(3) On or below line 8, the title of the court.

(4) Commencing at line 9 or below on the left, the title of the case.

(5) On the right and opposite the title of the case, the case number and identification of the document being filed.

(6) Nonconforming papers may not be filed without leave of the court.

1

(d) Changes, conformance of copies. Additions, deletions, or interlineations shall be initialed by the clerk or judge at the time of filing. All copies served shall conform to the original as filed.

## Rule 2. Motions.

(a) Upon filing a motion or within five days thereafter, the moving party shall file a brief. The brief may be accompanied by appropriate supporting documents. Within ten days thereafter the adverse party shall file an answer brief which also may be accompanied by appropriate supporting documents. Within ten days thereafter, movant may file a reply brief or other appropriate responsive documents.

(b) Failure to file briefs. Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

(c) Oral argument. The court may order oral argument sua sponte or upon application of a party.

(d) When motion deemed submitted. Unless oral argument is ordered or unless the time is enlarged by the court, the motion is deemed submitted at the expiration of any of the applicable time limits set forth above without supporting briefs having been filed.

If oral argument is ordered, the motion will be deemed submitted at the close of argument unless the court orders additional briefs, in which case the motion will be deemed submitted as of the date designated as the time for filing the final brief.

(e) In the event of conflict, the Montana Rules of Civil Procedure shall control. Time computation shall be governed by Rule 6(a), M.R.Civ.P.

## Rule 3. Timely motions and case disposition.

(a) Motions. Motions shall be deemed submitted in accordance with Rule 2(d), Unif. Dist. Ct. R. Once a motion is submitted as being fully briefed, if the court sets a hearing pursuant to Rule 2, Unif. Dist. Ct. R., the hearing must be set within 30 days. At the outset of a motions hearing, the district court may indicate its tentative ruling. The parties will then have an opportunity to argue their positions. If there is no hearing, the motion is deemed submitted in accordance with Rule 2(d), Unif. Dist. Ct. R.

Rulings shall be made within 30 days of the motion being deemed submitted unless, with good cause and notice to the parties, the district court enlarges the time for ruling by 30 days, two times with rulings occurring within 90 days of the motion being at issue.

(b) Complex motions. The district court may designate as "complex" motions involving extraordinary questions of law, issues of first impression or complicated or highly technical facts. Upon such designation, the 30-day enlargement provision set forth above may be invoked by the district court four times, with rulings occurring within 150 days of a complex motion being deemed submitted.

*Commission Comments:*

*1.     This Rule is intended to promote resolution of all non-complex motions within 90 days of their being at issue before the district courts, with the purposes of advancing all cases to speedier disposition (by settlement or trial) and countering the expense and delay that occur when motions pend for extended periods of time.*

*2.     Telephone or video conference hearings are encouraged for the convenience of the district courts and the parties.*

*3.     The Commission recognizes that in many routine discovery disputes brought before the district courts, a full opinion length ruling may be unnecessary and may contribute to delay in ruling. The Commission encourages the district courts to require counsel to prepare proposed orders with hard copy and computer disks attached to facilitate disposition of motions.*

*4.     In order to serve the underlying purpose of this Rule, the Commission recommends that the clerks of the district courts of Montana report to the Supreme Court administrator all non-complex motions that pend in excess of 90 days and all complex motions that pend in excess of 150 days.*

## Rule 34. Ex parte matters.

(a) Extensions of time to further plead, file briefs, continue a hearing on a motion and other permissible ex parte matters, may be granted by order of the court upon written application.

(b) Prior to the issuance of an ex parte order, the attorney seeking such order must file a written certification with the court declaring that opposing counsel has been contacted and given reasonable notice of:

(A1) the time and place of the ex parte conference or meeting;

(B2) the substance of the order sought;

(C3) whether counsel opposes the motion.

(c) All requests for extension of time or continuance or other ex parte matters shall be accompanied by an appropriate form or order, with sufficient copies for the clerk to mail to adverse parties.

(d) Except as otherwise provided by these rules or statute, no document, including briefs, proposed orders and proposed judgments, may be presented to the court at any time unless it is first filed with the court and served on all opposing counsel.

## Rule 45. Filing of discovery.

(a) Depositions upon oral or written examinations, interrogatories and answers thereto, requests for production of documents and responses thereto, requests for admissions and responses thereto, shall not be routinely filed. When any motion is filed making reference to discovery, the party filing the motion shall submit with the motion relevant unfiled documents.

(b) The pre-trial order shall identify all those portions of depositions, interrogatories, requests for admissions, and answers and responses thereto that the parties intend to introduce into evidence.

*Commission Comment:*

*Although not specifically prohibited by this rule, in line with not filing discovery it is also is not necessary to file a notice of taking of deposition, notice of serving discovery, notice of serving responses to discovery, or any other discovery-related notice.*

## Rule 56. Pre-trial order and pre-trial conference.

(a) Pre-trial. Unless otherwise ordered by the court, a pre-trial conference shall be held in all contested civil cases.

(b) Not later than five days prior to the pre-trial conference, plaintiff's counsel shall convene a conference of all counsel for the purpose of preparing a pre-trial order. The proposed pre-trial order shall be presented for signature at the pre-trial conference. In the event of a dispute as to the contents of the order, such dispute shall be presented to the judge for resolution at the pre-trial conference.

(c) Pre-trial order. The pre-trial order shall be substantially in the following form:

(TITLE OF COURT AND CAUSE)

Pursuant to Rule 16 of the Montana Rules of Civil Procedure, a pre-trial conference was held in the above-entitled cause on the ____ day of _____, 1920__, at ___ o'clock ___.m.

_____ represented the plaintiff(s).
_____ represented the defendant(s).

_____ (other appearances) were also present.

AGREED FACTS

The following facts are admitted, agreed to be true, and require no proof:
(Here enumerate all agreed facts, including facts admitted in the pleadings.)

PLAINTIFF'S CONTENTIONS

Plaintiff's contentions are as follows:
1.
2.

4

## DETERMINATION OF LEGAL QUESTIONS IN ADVANCE OF TRIAL

It was agreed that the following legal issues should be determined by the court in advance of the trial.

(Here specify issues and make provision for filing briefs with respect to such issues.)

## ADDITIONAL ISSUES

Additional issues to be determined and/or addressed include:

order of proof where there is a counterclaim;

attorney's fees testimony and/or proof;

time of filing and service of trial briefs and other issues.

## JURY SELECTION AND PROCESS

Order and method of selection, stipulation that jury will be selected or drawn, numbering of panel, number of challenges, time to file instructions, length of time on voir dire.

## TRIAL

It is estimated that the case will require _____ hours/days for trial.

The case will be tried before the court with (without) a jury.

IT IS HEREBY ORDERED that this pre-trial order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

IT IS HEREBY ORDERED that all pleadings herein shall be amended to conform to this pretrial order.

DATED this _____ day of _____ ~~19~~20___ .

_____
District Judge

Approved as to form and content.

_____
Attorney for Plaintiff

_____
Attorney for Defendant

**Rule 67. Briefs.**

All briefs presented to the court at any time will be filed with the court and must forthwith be served on all opposing counsel.

**Rule ~~7~~ 8. Jury instructions and verdict forms.**

(a) Submission. All proposed jury instructions and verdict forms must be delivered to the court in duplicate and a copy served upon all opposing parties at the time

fixed in the pre-trial order. Thereafter, additional instructions may be allowed to prevent manifest injustice.

(b) Citation of authorities. Each proposed instruction shall contain at the bottom the source thereof and a citation of authorities, if any, supporting the statement of law therein.

(c) Form. Each instruction shall be on 8½" X 11" paper and shall, after the citation of authorities, indicate the party on whose behalf it is requested and be numbered consecutively. One copy of the instructions filed with the court shall not be firmly bound together.

(d) Request for special findings by jury. Whenever a party desires special findings by a jury he shall file with the court and serve a copy upon all opposing parties, in writing, the issues or questions of fact upon which such findings are requested, in proper form for submission to the jury.

### Rule 89. Findings and conclusions.

In all matters where the court must enter findings of fact and conclusions of law pursuant to Rule 52, M.R.Civ.P., all parties shall file with the court and serve upon opposing counsel, at least five days prior to the scheduled trial or hearing, proposed findings of fact and conclusions of law. Failure to file proposed findings of fact and conclusions of law in a timely manner shall be cause for appropriate sanction, including removal of the case from the trial calendar, dismissal or granting of a judgment, precluding the offending party from presentation of evidence or objecting to evidence submitted by the other party, or such other action as the court deems appropriate. Post-trial amended and supplemental findings of fact and conclusions of law may be submitted in appropriate circumstances and only upon order of the court.

### Rule 910. Juror questionnaire.

All jurors are requested to complete a questionnaire, the form of which is on file with the clerk in his general order file and which contains basic vital statistics and other pertinent information. The completed questionnaires will be available for examination or copying by counsel in the clerk's office in advance of trial and should be used so as to expedite the examination of jurors. The attorneys shall not unduly reiterate the information contained in the questionnaires during their voir dire examination.

### Rule 11. Setting trial date in civil cases and motion disposition.

(a) Time limitation. The trial date must be set no later than 18 months from date of filing for civil cases or 6 months from the date of the filing of a third-party complaint

under Rule 14, M.R.Civ.P., whichever is later, unless good cause is shown to the presiding judge or designee, or the case is designated a "complex case."

(1) 90% of all civil cases should be settled, tried or otherwise concluded within 18 months (540 days) of filing.

(2) 98% of all civil cases should be settled, tried or otherwise concluded within 24 months (720 days) of filing.

(3) 100% of all civil cases should be settled, tried or otherwise concluded within 30 months (900 days) of filing.

(b) Trial setting. In accordance with Rule 16(b), M.R.Civ.P., the scheduling order should include a trial date within the time limit set forth above. The trial date should normally issue after the parties and presiding judge or designee agree on an available trial date. If the parties do not agree on a trial date, the district court or its designee will set the case for trial on a date that is convenient to the district court, but within the time limitations set forth above.

(c) Notification of failure to timely dispose. If a civil case has not been disposed of within 30 months from date of filing or 6 months from the date of the filing of a third-party complaint under Rule 14, M.R.Civ.P., whichever is later, the clerk of the district court shall report such case to the Supreme Court administrator. Notice shall also be sent to counsel of record along with instruction for mandatory notice to clients of the time and reason for delay.

(d) Remedies for failure to timely dispose. If a district court judge is found to have 10 or more current cases that have been opened for a period of more than 48 months, the Supreme Court administrator shall bring the matter to the attention of the Chief Justice of the Montana Supreme Court who shall issue an order to show cause why the cases have not been resolved.

If after the show cause hearing, the Supreme Court determines that good cause does not exist for failure to timely dispose of a civil caseload, the Court may assign the matter to a different district court judge and consider any other appropriate remedy to assist the district court with its backlog.

*Commission Comments:*

1. *This rule is to be read in conjunction with the scheduling procedures set forth in Rule 16(b), M.R.Civ.P. (2004).*

2. *The most practical procedure for setting trial dates is after the matter is deemed at issue, meaning the Answer to the initial complaint has been filed.*

3. *The Commission recognizes that Rule 16(b), M.R.Civ.P. (2004), provides that the scheduling order may include dates for trial. However, the Commission recommends that the trial dates be included in the initial scheduling order.*

## Rule 12. Complex cases.

(a) Any party in a case may apply to the presiding judge to have the matter designated as a "complex case."

(b) The criteria used for designation as a "complex case" may include, but shall not be limited to, the following: the number of parties involved, the complexity of the legal issues, the expected extent and difficulty of discovery and the anticipated length of trial.

(c) A presiding judge may assign any matter designated as a "complex case" to a specific judge who shall thereafter have full or partial responsibility for the case as determined by the presiding judge.

(d) A "complex case" shall not be subject to the time limitation or trial setting procedures set forth in Rules 11(a), (b) and (c), Unif. Dist. Ct. R.; however, any such case shall be set for trial as soon as practical, but in any event, within 30 months from the dae of filing unless, for good cause shown, the trial date is extended by the assigned judge. In any event, the matter must be concluded by settlement, order or trial within 36 months from the date of filing the complaint.

*Commission Comment:*

*The court shall determine whether or not the matter should be designated a "complex case."*

Rationale
Timely disposition of civil cases is consistent with the Trial Court Performance Standards adopted by the American Bar Association, the National Center for State Courts and other states such as Oregon, Washington and California. This Rule is intended to be a standard and guideline for all district courts in Montana. This Rule provides district courts with advisory standards designed to encourage development of goals in the disposition of cases. This Rule is designed to enhance public confidence in the judicial system. This Rule complies with Article II, Section 16, of the Montana Constitution and Rule 1, M.R.Civ.P.


## Rule 1013. Death or removal of attorney.

(a) Whenever an attorney representing a party to an action, or in another civil proceeding of any kind, is removed, withdraws or ceases to act as such, said attorney must inform the court and all other parties of the full name and address of his client and any other information which the court may find appropriate to assist in contacting said party.

(b) When the attorney representing a party to an action or proceeding dies, is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:

(1) That such party must appoint another attorney or appear in person, and

(2) The date of the trial or of the next hearing or action required in the case, and

(3) That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other

proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise.

(c) Such notice may be by personal service or by certified mail to said party's last known address.

(d) If said party does not appoint another attorney or appear in person within twenty days of the service or mailing of said notice, the action may proceed to judgment. However, copies of all papers and documents required to be served by these rules and the Rules of Civil Procedure shall be mailed to said party at his last known address.

(e) In addition to the foregoing requirements of Rule 10 13 and before any change of substitution of attorney is effective, whether such change or substitution is occasioned by the death of the attorney or by his removal, withdrawal, ceasing to act, suspension or disbarment, the requirements of sections 37-61-403, 37-61-404 and 37-61-405, MCA, shall have been fully satisfied.


**Rule 1114. Judgments and decrees.**

Whenever a judgment or decree is signed by the presiding judge, it shall be delivered to the clerk and immediately filed in the records of the court, and the fee required by law shall be forthwith paid to the clerk. Failure of counsel to observe this rule shall be deemed a contempt of court.


**Rule 1215. Exhibits.**

(a) Every exhibit placed on file or offered in evidence shall be held in the custody of the clerk. Unless there be good reason why the original of an exhibit should be retained, upon application, the court may order a copy filed in its place. Public records offered in evidence may be withdrawn at the conclusion of the hearing on order of the court.

(b) Exhibits may be withdrawn by the party offering them thirty days after a judgment has become final. Forty-five days after a judgment has become final, the clerk may apply to the court for an order to dispose of exhibits and shall notify counsel of record of said application. Twenty days after mailing of said notice, the court may enter its order authorizing the clerk to dispose of exhibits.


**Rule 1316. Regulation of attorneys not admitted to practice in Montana.**

An attorney seeking to be admitted to practice before this the court on a particular case who is not admitted to the Bar of Montana and who is authorized to practice law in the highest courts of another state must, at the time of his/her first appearance in a district court in Montana or within ten days thereafter and before any further proceedings are had

in the matter, join with, of record, an attorney who is admitted to practice in Montana and who is a resident of Montana.

In order to help secure the just, speedy, and inexpensive determination of every action, such local counsel must be furnished with all factual, evidentiary, and legal information necessary to act on behalf of the party and must also be vested with full and complete authority to act on behalf of and bind the party in all matters connected with the litigation.

A failure of local counsel to take any action required by the Rules of Civil Procedure or these rules by lack of authority shall, for the purpose of imposing sanctions, be treated as a refusal to act.

### Rule ~~14~~17. Chief district judge.

(a) In a multijudge district court of Montana, a chief district judge shall be selected at the beginning of each calendar year, and the position shall rotate among the judges of the district annually, unless the judges of the district agree otherwise. The rotation shall commence with the most senior district judge.

(b) The duties of the chief district judge shall be to provide for the efficient management of the district court business, in cooperation with the other judges of the district.

### Rule ~~15~~18. Local rules allowed.

Nothing in these rules shall be construed as limiting the power of the district courts from promulgating rules that do not conflict with these rules.